This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42501

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**JESSICA T.,**

Respondent-Appellant,

and

**DANNYBOY JUAREZ,**

Respondent,

**IN THE MATTER OF ALYANNA J.
and ANGEL J., the Children.**

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio Chavez, District Court Judge**

Children, Youth & Families Department
Amanda M. Romero, Chief Children's Court Attorney
Santa Fe, NM
William Weiss, Children's Court Attorney
Taos, NM

for Appellee

Office of Family Representation & Advocacy
Wolfgang Bomgardner
Santa Fe, NM

for Appellant

Carol K. Rodriguez
Albuquerque, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Mother has appealed the district court's decree establishing a permanent guardianship. In response to Mother's docketing statement, this Court determined that it could not review the sufficiency of the evidence to support the establishment of the permanent guardianship due to a lack of relevant findings and conclusions. Therefore, we remanded to the district court for entry of an amended order. The district court entered an amended decree, and Mother filed an amended docketing statement. In response, this Court issued a calendar notice proposing to summarily affirm the amended decree of permanent guardianship. Mother has responded to our notice with a memorandum in opposition. After due consideration, we are unpersuaded and affirm.

**{2}** Mother's memorandum in opposition to our notice continues to pursue a challenge to the sufficiency of evidence. [MIO 4] Mother contends that the district court's amended order does not reflect that sufficient evidence supports the third statutory factor for establishment of a permanent guardianship: "reunification of the parent and child is not in the child's best interests because the parent continues to be unwilling or unable to properly care for the child." *See* NMSA 1978, § 32A-4-31(C)(3) (2005). [MIO 6-8] We disagree. The proposed analysis in our notice addressed this statutory factor, set forth the relevant district court findings, and proposed to hold that they were sufficient. [CN 4-5] Mother's memorandum in opposition challenges the evidentiary basis for only a few of the district court's findings and does so with only conclusory statements. [MIO 6-7] However, a party challenging a finding for lack of substantial evidence must refer to "all of the evidence, both favorable and unfavorable, followed by an explanation of why the unfavorable evidence does not amount to substantial evidence, such as is necessary to inform both the appellee and the Court of the true nature of the appellant's arguments." *Aspen Landscaping, Inc., v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶¶ 28-29, 135 N.M. 607, 92 P.3d 53. Mother's argument does not demonstrate district court error or error in our proposed analysis.

**{3}** Mother also contends that other evidence, more favorable to Mother, was presented and contends the district court should have weighed that evidence more heavily. [MIO 6-8] Mother's contention would have us act in manner contrary to the standard of review. When reviewing the district court's order for substantial evidence, we do not reweigh the evidence; rather, we view the evidence in the light most favorable to the prevailing party. *See State ex rel. Child., Youth & Fams. Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674. "[W]e indulge all reasonable

inferences in support of the district court's decision and disregard all inferences or evidence to the contrary." *State ex rel. Child., Youth & Fams. v. Cosme V.*, 2009-NMCA-094, ¶ 19, 146 N.M. 809, 215 P.3d 747 (alterations, internal quotation marks, and citation omitted). We hold that Mother has not demonstrated error.

**{4}** For the reasons set forth above and in our notice, we affirm the district court's amended decree establishing a permanent guardianship.

**{5}    IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JENNIFER L. ATTREP, Judge**